IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| **RUSSELL D. HARVEY #1427508** | § |
| | § |
| V. | §    A-08-CA-408-SS |
| | § |
| **BRYAN COLLIER** | § |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:  The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Limestone County Detention Center. On March 26, 2007, Plaintiff was sentenced to three years in prison for Driving While Intoxicated out of Henderson County. On April 5, 2007, Plaintiff was also sentenced to three years in prison for Driving While Intoxicated out of Trinity County. Plaintiff's "sentence begin" date was set at January 22, 2007. Plaintiff's sentences are running concurrently.

Although Plaintiff's complaint is not entirely clear, Plaintiff appears to allege he was denied discretionary mandatory supervision, and as such he is not receiving credit for his work time or good

time. On a time sheet dated January 7, 2008, Plaintiff's minimum expiration date was noted as May 11, 2008. Now that Plaintiff has been denied discretionary mandatory supervision, his new time sheet dated April 29, 2008, indicates his minimum and maximum expiration date is January 21, 2010. Plaintiff demands he be compensated for his work and good time credits or that he be released to parole immediately. He contends his Thirteenth Amendment right is being violated, because he is being forced to work. Plaintiff sues Bryan Collier of the TDCJ Parole Division.

## DISCUSSION AND ANALYSIS

A.  <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B.  Eleventh Amendment Immunity

Being sued in his official capacity for monetary damages, Defendant is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

C.  Thirteenth Amendment

The Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor. Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001); Murray v. Mississippi. Dep't of Corr., 911 F.2d 1167, 1167-68 (5th Cir. 1990); Wendt v. Lynaugh, 841 F.2d 619, 620-21 (5th Cir. 1988). Consequently, Plaintiff has not shown that his rights have been violated by making him hold a prison job.

D.  Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490, 93 S. Ct. 1836-37 (1973). The Court declines to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C.

§ 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. See e.g. Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003). Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies, and venue would not be appropriate in this Court.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims brought against Defendant Collier in his official capacity for monetary damages be dismissed without prejudice for want of jurisdiction, Plaintiff's claims brought against Defendant Collier in his individual capacity for monetary damages be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e), and Plaintiff's claims brought against Defendant Collier seeking his immediate release be dismissed without prejudice to filing an application for habeas corpus relief.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of June, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE